USDC SCAN INDEX SHEET

















BAR 7/22/99 15:54

3:99-CV-01504 BIRKNER V. HANDLERY HOTELS INC

*1*

*CMP.*

CENTER FOR DISABILITY ACCESS, LLP
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
2535 Kettner Blvd., SUITE 2A5
San Diego, CA 92101
(619) 232-4982
Fax (619) 234-1184

Attorney for Plaintiff, KLAUDIA BIRKNER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAUDIA BIRKNER, Plaintiff, v. HANDLERY HOTELS, INC., a California corporation and DOES 1 through 10, inclusive Defendants | Case No.: '99 CV 1504H LAB<br>**Civil Rights**<br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** AMERICANS WITH DISABILITIES ACT OF 1990; UNRUH CIVIL RIGHTS ACT; CALIFORNIA'S DISABLED PERSON ACT; COMMON LAW UNFAIR COMPETITION; NEGLIGENCE; NEGLIGENCE PER SE; CALIFORNIA'S UNFAIR BUSINESS PRACTICE ACT; DECLARATORY RELIEF;<br>**DEMAND FOR JURY** |

Plaintiff KLAUDIA BIRKNER complains of HANDLERY HOTELS, INC. and DOES 1 through 10, inclusive, and alleges as follows:

**INTRODUCTION:**

1. This is a Civil Rights action for discrimination against persons with physical disabilities, of which Plaintiff is a member of said class, for failure to remove architectural barriers structural in nature at Defendants' HANDLERY HOTEL located at 950 Hotel Circle, San Diego, California, a place of public accommodation, thereby discriminatorily denying Plaintiff and the



class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

**2.** Plaintiff seeks injunctive relief and damages for violations of civil rights and for damages flowing from such violations.

**JURISDICTION AND VENUE:**

**3. Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under California state law.

**4. Venue:** Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the improved real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

**PARTIES:**

**5.** Plaintiff KLAUDIA BIRKNER is a California resident with physical disabilities who uses a wheelchair to travel about in public.

**6.** Defendants HANDLERY HOTELS, INC. and DOES 1 through 10, inclusive (hereinafter alternatively referred to collectively as "Defendants"), are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter egos, franchisers and/or franchisees, of the building and/or buildings

which constitute a public facility in and of itself, occupied by the above described hotel, public accommodations, and subject to the requirements of federal and state law requiring full and equal access to public accommodations and facilities.

7. Plaintiff KLAUDIA BIRKNER does not know the true names of Defendants HANDLERY HOTELS, INC. and DOES 1 through 10, inclusive, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff KLAUDIA BIRKNER will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants HANDLERY HOTELS, INC. and DOES 1 through 10, inclusive, are ascertained.

**PRELIMINARY FACTUAL ALLEGATIONS:**

8. Defendants are the owners and operators of the hotel and convention center, located at 950 Hotel Circle, San Diego, California. The hotel, its public toilet facilities, public lavatory facilities, and its other facilities are each a "public accommodation or facility" subject to the requirements of state and federal law. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the public accommodations, and each of their facilities to handicapped access requirements per the Americans with Disabilities Act Access Guidelines (ADAAG) and

Title 24 of California's Code of Regulations.

**9.** In or about May 1999, Plaintiff KLAUDIA BIRKNER was an invitee and customer at the subject hotel.

**10.** In May 1999 the subject hotel/convention center, lacked required disabled accessible public restrooms and had signage indicating a restroom was accessible when it was inaccessible to Plaintiff and others similarly situated with physical disabilities. Said lack of required disabled accessible restrooms and misleading signage cause severe Plaintiff to suffer sever bodily injury.

**11.** On information and belief, other public facilities were improperly inaccessible for use by persons with physical disabilities.

**12.** On information and belief, the facilities continue to the date of filing this complaint to deny equal access to Plaintiff and other persons with physical disabilities.

**13.** As a result of the inaccessible facilities, Plaintiff KLAUDIA BIRKNER was humiliated, embarrassed and frustrated, suffering emotional injuries. Moreover, as a result of the inaccessible facilities, Plaintiff KLAUDIA BIRKNER suffered bodily and physical injury.

**14.** Plaintiff would like to return and use the Defendants' public accommodations but because of Defendants' violations, Plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as pled herein. Plaintiff has, therefore, been deterred from returning and using the Defendants' public

accommodations.

**15.** Plaintiff KLAUDIA BIRKNER is informed and believes and therefore alleges that Defendants and each of them (1) caused the subject improved real properties which constitute the subject HANDLERY HOTEL to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said improved real property(s); (2) that the Defendants have had actual and constructive notice that the facilities were not legally accessible to persons with disabilities; (3) that despite being informed of such effect on Plaintiff and other persons with physical disabilities due to the lack of accessible facilities, Defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for Plaintiff and other persons with physical disabilities to the subject HANDLERY HOTEL. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights and safety of Plaintiff and other persons with physical disabilities. Said conduct, with knowledge of the effect it was and is having on Plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of Plaintiff and of other similarly situated persons, justifying the imposition of punitive and exemplary damages per Civil Code section 3294.

**I. FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants (42 U.S.C. section 12101, *et seq.*)

**16.** As persons who own and operate a place of public accommodation, the Defendants are required to (1) ensure that all

construction, alteration, or modification is barrier free and complies with the ADAAG; and (2) remove all existing barriers where such removal is "readily achievable." As alleged above, there are architectural barriers existing on the Defendants' facilities, which barriers are in violation of the Americans with Disabilities Act Accessibility Guidelines, are readily achievably removed, and are unlawful. The Defendants have failed to comply with the ADA and, therefore, discriminated against the Plaintiff.

**17.** Further, if it were not "readily achievable" for Defendants to remove each of such barriers, Defendants have failed to make the required services available through alternative methods, that were readily achievable.

**18.** Plaintiff would like to return and use the Defendants' facilities but Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendants' policies bar full and equal use by persons with physical disabilities.

**19.** Wherefore, Plaintiff prays for relief as hereinafter stated.

**II. SECOND CAUSE OF ACTION** VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51 et seq.)

**20.** Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**Count One:**

**21.** The Defendants have not ensured that their facilities comply with Title 24 of the California Code of Regulations, the California Building Code as it applies to physical access for

persons with disabilities and failed to ensure that disabled persons have "full and equal accommodations, advantages, facilities, privileges, or services" to the facilities identified above.

**Count Two:**

**22.** The Defendants have not complied with the Americans with Disabilities Act of 1990.

**III. THIRD CAUSE OF ACTION** VIOLATION OF CALIFORNIA'S DISABLED PERSONS ACT, (On Behalf of Plaintiff and Against All Defendants) (California Civil Code § 54 et seq.)

**23.** Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint and incorporates them herein as if separately repled.

**Count One:**

**24.** The Defendants have not ensured that their facilities comply with Title 24 of the California Code of Regulations, the California Building Code as it applies to physical access for persons with disabilities and have failed to ensure that disabled persons have full and equal access to public accommodations and/or other places that the general public is invited and that disabled persons enjoy the same accommodations, advantages, facilities, and privileges to the facilities identified above.

**Count Two:**

**25.** The Defendants have not complied with the Americans with Disabilities Act of 1990.

**26.** Wherefore, Plaintiff prays for relief and damages as hereinafter stated.

///

///

**IV. FOURTH CAUSE OF ACTION** VIOLATION OF COMMON LAW UNFAIR COMPETITION (On Behalf of Plaintiff and Against All Defendants)

**27.** Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**28.** Defendants advertise to the public by various means, including but not limited to, their on-site signage that the facilities are open to and accessible by the general public. No signage is posted indicating that the facilities are restricted only to fully-ambulatory persons or that persons with disabilities are not welcome or will have problems with physical accessibility.

**29.** Persons with disabilities are invited just as the general public but the invitation, as delivered by the Defendants' advertising, is deceptive, defective, and damaging. Persons with disabilities attempt to access the Defendants' facilities at their own peril.

**30.** Plaintiff has been damaged by the Defendants' advertising activities.

**31.** Wherefore, Plaintiff prays for relief and damages and relief as hereinafter stated.

**V. FIFTH CAUSE OF ACTION:** NEGLIGENCE (On behalf of the Public and Against All Defendants)

**32.** Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**33.** Defendants had a duty to exercise ordinary care.

**34.** Defendants failed to exercise ordinary care.

///

**35.** As the actual and proximate result of Defendants' failure to exercise ordinary care, Plaintiff suffered damages in an amount to be determined by proof.

**36.** Wherefore, Plaintiff prays for relief and damages and relief as hereinafter stated.

**VI. SIXTH CAUSE OF ACTION:** NEGLIGENCE PER SE
(On behalf of the Public and Against All Defendants)

**37.** Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**38.** At all times relevant hereto, there was in effect the Americans with Disabilities Act; the Unruh Civil Rights Act, California's Disabled Person Act, Title 24 of the California Code of Regulations; and California Health and Safety Code, sections 19955 et seq., all of which require that public accommodations and facilities provide services to people with physical disabilities which are equal to, and are not inferior to, the services provided patrons who are not physically disabled.

**39.** Plaintiff is a member of class which these statutes are designed to protect.

**40.** Defendants' acts and omissions alleged herein are a violation of statutory requirements and, therefore, constitute negligence per se.

**41.** As a result of the actions taken by Defendants, the Plaintiff has suffered the harm which these statutes are designed to prevent.

**42.** Wherefore, Plaintiff prays for relief and damages and relief as hereinafter stated.

**VII. SEVENTH CAUSE OF ACTION:** VIOLATION OF CALIFORNIA'S UNFAIR BUSINESS PRACTICES ACT (On behalf of the Public and Against All Defendants) (Cal. Bus. & Prof. § 17200 et seq.)

**43.** Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**44.** In addition to the access violations described above, Defendants' facilities are in violation of California and Federal law in that they do not provide required access for disabled persons.

**45.** Defendants' acts and omissions alleged herein are a violation of both statutory requirements and public policy and, therefore, constitute a violation of Business and Professions Code sections 17200 et seq.

**46.** Plaintiff, on behalf of herself and the general public, seeks injunctive relief requiring Defendants to remedy the disability access violations present at their facilities. Ancillary to this injunctive relief, Plaintiff also requests restitution for any amounts received by the Defendants from additional business they received as a result of not complying with the disability access laws.

**47.** Wherefore, Plaintiff prays for relief and damages and relief as hereinafter stated.

**VIII. EIGHTH CAUSE OF ACTION** DECLARATORY RELIEF

**48.** Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**49.** A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their

respective rights and duties and act accordingly.

**50.** Plaintiff contends that the facilities identified above fail to comply with applicable laws prohibiting discrimination against persons with disabilities and is in violation of statutes including, but not limited to, the Americans with Disabilities Act of 1990; the Unruh Civil Rights Act, and California's Disabled Person Act.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

**1.** For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act of 1990, the Unruh Civil Rights Act; and California's Disabled Person Act, which order will include the removal of barriers and the implementation of reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

**2.** A declaration that the facilities are designed and operated in a manner that discriminates against persons with physical disabilities and that fails to provide full and equal access for persons with disabilities as required by law;

**3.** General and Special damages in an amount to be determined by proof;

**4.** Treble damages pursuant to Cal. Civ. Code § 52 and 54.3;

**5.** Restitution;

**6.** Punitive Damages;

**7.** Reasonable attorneys' fees, litigation expenses and costs of

suit;

8. For such other and further relief as the court may deem proper.

Dated: June 26, 1999

CENTER FOR DISABILITY ACCESS, LLP

By: ______________________________

MARK D. POTTER
RUSSELL C. HANDY
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: June 26, 1999

CENTER FOR DISABILITY ACCESS, LLP

By: ______________________________

MARK D. POTTER
RUSSELL C. HANDY
Attorneys for Plaintiff

JS 44 (Rev. 11/95)

# CIVIL COVER SHEET

'99 CV 1504 H LAB

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
KLAUDIA BIRKNER

**DEFENDANTS**
HANDLERY HOTELS, INC., a California corporation and DOES 1 through 10, inclusive

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Alameda
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
MARK D. POTTER, ESQ. (Bar # 166317 (619) 232-4982
CENTER FOR DISABILITY ACCESS, LL
2535 Kettner Blvd., Suite 2A5
San Diego, California 92101

ATTORNEYS (IF KNOWN)

FILED JUL 20 1999 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC/ Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title III of Americans with Disabilities Act. 42 U.S.C.A. Section 12101, et. seq.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions): **IF ANY** JUDGE ____ DOCKET NUMBER ____

DATE July 14, 1999 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # 05175 AMOUNT 150 APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. F ... ıme of the county where the first listed plaintiff resides at the time of filing. In U. ... st listed defendant resides at the time of filing. (NOTE: In land condemnation cas ... he tract of land involved.)

(c) Attorneys. Enter the f ... . If there are several attorneys, list them on an attachment, noting in this section "...

II. **Jurisdiction.** The basis of ju ... that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there ... e order shown below.

United States plaintiff. (1) Jurisdic ... l officers of the United States are included here.

United States defendant. (2) When ... lace an "X" in this box.

Federal question. (3) This refers ... ıder the Constitution of the United States, an amendment to the Constitution, a ... where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, a ...

Diversity of citizenship. (4) This r ... of different states. When Box 4 is checked, the citizenship of the different parties m ... take precedence over diversity cases.)

III. **Residence (citizenship) of Pr** ... if diversity of citizenship was indicated above. Mark this section for each principal ...

IV. **Origin.** Place an "X" in one of ...

Original Proceedings. (1) Cases whi ...

Removed from State Court. (2) Pro ... t courts under Title 28 U.S.C., Section 1441. When the petition for removal is gra ...

Remanded from Appellate Court. ( ... further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check ... ırt. Use the reopening date as the filing date.

Transferred from Another District. ( ... . Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check th ... nder authority of Title 28 U.S.C. Section 1407. When this box is checked, do not che ...

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.